UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL R. COOPER,

          Plaintiff,

v.                                      Case No. 18-cv-407-pp

LADONNA JONES, *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (DKT NO. 13), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE (DKT. NO. 23), DENYING PLAINTIFF'S MOTION FOR ORDER FOR PROPOSED AMENDED PLEADING (DKT. NO. 24) AND GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION BRIEF (DKT. NO. 31)**

On November 7, 2018, Magistrate Judge William E. Duffin, the judge assigned to this case at the time, screened the plaintiff's amended complaint and allowed him to proceed on two claims—a claim against defendant Ladonna Jones (previously identified as L. Johnson) for allegedly retaliating against the plaintiff for filing a grievance, and a claim against Doe defendants (Milwaukee County correctional staff) for withholding his mail in violation of the First Amendment. Dkt. No. 12. The court did not allow him to proceed on claims related to mail that unknown officers lost or misplaced, because negligence is not actionable under 42 U.S.C. §1983. The plaintiff since has filed a motion asking the court to reconsider that decision. Dkt. No. 13. He's also filed two motions asking for leave to amend his pleadings. Dkt. Nos. 23, 24. Finally, the defendants have requested an extension of time to file their brief in opposition to the plaintiff's motion for summary judgment. Dkt. No. 31.

**I.     Motion for Reconsideration**

Although the plaintiff does not cite a rule in support of his motion for reconsideration, there are two rules that parties generally use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

The plaintiff filed his motion seven days after the court issued the screening order, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to alter or amend a judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff argues that the court should allow him to proceed on a First Amendment claim for not receiving legal mail because the fact that an empty envelope from the public defender's office was found in an officer's desk shows more than negligence. He insists that the simple fact that legal mail came to

the jail, but that he didn't receive it, shows that the defendants deliberately chose not to give him the mail and that they covered it up by failing to inform him that he'd even received a letter. He argues that the simple fact that he did not receive the content of the envelope shows that his First Amendment rights were violated.

Judge Duffin concluded—and this court agrees—that the allegations in the complaint with respect to lost mail amounted to allegations of negligence. In his amended complaint, the plaintiff alleged that a correctional officer was ordered to search for his mail after the plaintiff filed a grievance. Dkt. No. 9 at 3. The officer found only an empty envelope from the public defender's office—the contents are still missing. Id. Nothing about these allegations suggests intentional or knowing action on any defendant's part. Perhaps there never was anything in the envelope to begin with—maybe the public defender's office neglected to put the document in the envelope. Perhaps someone at the jail thought they had passed the letter on to the plaintiff when they hadn't. Perhaps a staff member accidentally delivered the mail to the wrong inmate. Perhaps the letter fell behind a desk and no one noticed. All of these situations would be unfortunate—inmates, just like any other citizens, should get their mail, and inmates especially should receive their legal mail. But all the above situations would constitute *negligence*, not an intentional violation of the plaintiff's First Amendment rights. The plaintiff has not alleged any facts that show that the defendants *intentionally* lost or took his mail.

## II. Motions for Leave to File Amended Pleadings

On the same day, the court received from the plaintiff two motions, asking the court to allow him to amend his pleadings. In the first motion, he states that he would like to add new information about defendant Jones and

3

add the name of a potential witness. Dkt. No. 23. He attached to the motion three exhibits relating to a disciplinary disposition. In the second filing, the lays out the additional facts he wants to add and states he would like to add a procedural due process claim against defendant Jones. Dkt. No. 24. He also indicates that he wants to change the name of a witness he'd referenced in the original complaint. Id. at 3.

The court will deny the motions. Civil Local Rule 15 requires that a party seeking to amend a pleading include the proposed amended pleading with his motion to amend. The plaintiff did not attach a proposed amended complaint to either of his motions. Further, some of the information the plaintiff wants to add isn't necessary. For example, plaintiffs aren't required to list in their complaints the names of witnesses who may have observed the events they describe. A complaint lays out for the court and the defendants who the plaintiff believes violated his rights, how he believes they did so, when they did so, where they did so and, if he thinks he knows, why they did so. There comes a time in a lawsuit where parties must disclose the names of possible witnesses, but they don't have to do it in the complaint.

If the plaintiff believes he needs to amend his complaint to add a claim that he didn't bring in the original complaint, he must file a motion for leave to amend. He must attach to that motion a copy of his proposed amended complaint. He must use the court's form complaint (available on the court's web site, www.wied.uscourts.gov/representing-yourself, under "Forms for Pro Se Litigants"). He must write the word "Amended" in front of the word "Complaint" at the top of the first page. He must list the name of every defendant he wants to sue at the top of the first page. He must include all the claims he wants to bring; he can't refer the court or the defendants back to the

original complaint. The amended complaint—if he files one—takes the place of the original complaint, so it must be complete in itself.

The court is not saying that it will allow the plaintiff to amend his complaint. It simply is telling him the appropriate process to use. If he files a motion, along with a proposed amended complaint, the court will consider whether to grant it. The plaintiff also should be aware that if the court allows him to amend his complaint, it will slow the case down; the court will give the defendants an opportunity to file an answer to the amended complaint, and depending on how much the amended complaint changes from the original one, the court may need to set new deadlines for discovery and dispositive motions.

If the plaintiff is going to seek leave to amend his complaint, he should do so as soon as possible. The deadline for the defendants to file summary judgment motions is June 20, 2019; if the plaintiff files a motion to amend the complaint (and a proposed amended complaint) shortly before, or after, that deadline, the court is unlikely to grant the motion, because the defendants will have spent the time to prepare their motions based on the allegations in the original complaint.

### III. Defendant's Motion for an Extension of Time

Defendant Jones has asked the court to give her an extension of time—a new deadline of July 22, 2019—to respond to the plaintiff's motion for summary judgment. The plaintiff filed his motion far ahead of the June 2019 deadline the court had set; defendant Jones's motion for summary judgment isn't yet due. The court agrees with the defendant that it makes sense for the court to address all fully-briefed summary judgment motions at one time. The court will grant the motion.

## IV. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13.

The court **DENIES** the plaintiff's motion for leave to file, dkt. no. 23, and the plaintiff's motion for order for proposed amended pleading, dkt. no 24.

The court **GRANTS** defendant Jones's motion for an extension of time to respond to the plaintiff's motion for summary judgment. Dkt. No. 31. The court **ORDERS** that the defendants shall respond to the plaintiff's motion for summary judgment by the end of the day on **July 22, 2019**.

Dated in Milwaukee, Wisconsin, this 17th day of May, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**